```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
    CARLOS ESCOBAR, et al.,                           :
                                                      :
                              Plaintiffs,             :
                                                      :
                   v.                                 :
                                                      :
    MOTORINO EAST VILLAGE INC. d/b/a                  :
    PIZZERIA MOTORINO, et al.,                        :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 10, 2015
```

14 Civ. 6760 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiffs Carlos Escobar, Carlos Eduardo Romero Ospina, Jorge Anibal Garcia, Carlos Castillo, Javier Paredes, Raphil Perez, Marcos Sanchez, and Vicente Dionicio (collectively, "Plaintiffs")[1] bring this action against Motorino East Village Inc., doing business as Pizzeria Motorino ("Motorino"), along with its owner or manager Dimitri Vlahakis (collectively, "Defendants"), asserting claims under the Fair Labor Standards Act of 1938, Pub. L. No. 75-718, 52 Stat. 1060 (the "FLSA") (codified as amended at 29 U.S.C. §§ 201-219), and the New York Labor Law, Consol. Laws 1909, ch. 31 (the "NYLL"), for alleged failure to pay appropriate minimum wage and overtime compensation, failure to pay spread of hours compensation, violation of the notice and wage statement requirements of the NYLL, and failure to compensate employees for tools of the

---

[1] Braulio Hernandez Velazquez and Oliver Hernandez were initially also Plaintiffs in this action. (*See* Compl. (Dkt. #1)). Velazquez voluntarily dismissed his claims pursuant to Fed. R. Civ. P. 41(a)(1) on March 6, 2015 (Dkt. #18), and Hernandez's claims were dismissed for failure to prosecute after he became nonresponsive to counsel (Dkt. #31).

trade.  Plaintiffs seek an order conditionally certifying a collective action under the FLSA and authorizing Plaintiffs to send notice to prospective collection action members.  For the reasons set forth in this Opinion, the motion for conditional certification is granted, and the Court reserves judgment on the proper form and contents of the requested notice.

## BACKGROUND[2]

### A. Factual Background

Defendants operate an Italian restaurant in Manhattan under the name Pizzeria Motorino.  (Compl. ¶ 2).  Plaintiffs are former employees whose primary formal responsibilities were as delivery workers, and who were paid at the tip credit rate (*id.* at ¶ 9; Answer (Dkt. #7) ¶ 9), but who allege that they spent more than 20 percent of their workday performing non-tipped, non-delivery duties at Motorino.  (Compl. ¶ 5; Dionicio Decl. ¶ 5; Garcia Decl. ¶ 5; Ospino Decl. ¶ 5).  Plaintiffs allege that they worked hours beyond their formal shift for which they were not compensated, and some allege that they worked for more than 40 hours per week without being compensated at the required time-and-a-half rate for the excess hours.  (Dionicio Decl. ¶¶ 6, 11; Garcia Decl. ¶¶ 6-7, 10; Ospino Decl. ¶ 13).  Plaintiffs also state that they were required to purchase and/or maintain their own bicycles and related delivery equipment, which

---

[2]  The facts in this Opinion are drawn from Plaintiffs' Complaint ("Compl."), as well as from the declarations and exhibits thereto submitted in support of ("Faillace Decl." (Dkt. #14)) and opposition to ("Gallaway Decl." (Dkt. #27)) the instant motion.  Plaintiffs' declarations, submitted as exhibits to the Faillace Declaration, are referred to as "[Name] Decl."  For convenience, the parties' briefs are referred to as "Pl. Br." (Dkt. #13), "Def. Opp." (Dkt. #28), and "Pl. Reply" (Dkt. #30).

constituted the tools of their trade. (Compl. ¶ 12; Dionicio Decl. ¶ 13; Garcia Decl. ¶ 12; Ospino Decl. ¶ 16). Finally, Plaintiffs state that Defendants improperly deducted a percentage of tips made by credit card on online orders. (Dionicio Decl. ¶ 12; Garcia Decl. ¶ 11; Ospino Decl. ¶ 15). In addition, each Plaintiff alleges that he knows of several similarly situated persons employed as delivery workers who were subject to the same practices. (Dionicio Decl. ¶ 20; Garcia Decl. ¶ 19; Ospino Decl. ¶ 23).

**B.     Procedural Background**

Plaintiffs commenced this action alleging violations of federal and state labor law on August 20, 2014. (Dkt. #1). Plaintiffs bring claims for willful failure to pay them at the correct applicable minimum hourly rate under the FLSA, 29 U.S.C. §§ 203(m) (tip credit), 206(a) (minimum wage), and the NYLL, N.Y. Lab. Law § 652; willful violations of the overtime wage provisions of the FLSA, 29 U.S.C. § 207(a)(1), and the NYLL's associated regulations, N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2; willful failure to pay Plaintiffs an additional hour's pay for each day in which they worked more than ten hours, in violation of New York's spread-of-hours regulations, N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a); and willful failure to provide Plaintiffs with the wage statements required by the NYLL, N.Y. Lab. Law § 195(3). (Compl. ¶¶ 287-311, 315-17).[3]

On January 12, 2015, Plaintiffs filed a motion for the Court to conditionally certify the FLSA collective action and allow notice to current and

---

[3]     Plaintiffs also originally brought claims for failure to provide adequate notice under N.Y. Lab. Law § 195(1) (Compl. ¶¶ 312-14), but voluntarily dismissed such claims (Dkt. #19).

former employees of Motorino. (Dkt. #12-14). Defendants opposed the motion on April 6, 2015 (Dkt. #27-28), and the briefing was complete with the filing of Plaintiffs' reply brief on April 20, 2015 (Dkt. #30).

## DISCUSSION

### A.   Applicable Law

Section 216(b) of the FLSA authorizes collective actions to recover damages for unpaid wages where all employees are "similarly situated." 29 U.S.C. § 216(b). "When deciding whether to certify a class under 29 U.S.C. § 216(b), district courts in the Second Circuit apply a two-step process." *Ruiz v. Citibank, N.A.*, — F.3d —, Nos. 10 Civ. 5950 (KPF), 10 Civ. 7304 (KPF), 2015 WL 1254820, at *14 (S.D.N.Y. Mar. 19, 2015) (quoting *Morano v. Intercontinental Capital Grp., Inc.*, No. 10 Civ. 2192 (KBF), 2012 WL 2952893, at *4 (S.D.N.Y. July 17, 2012)), *reconsideration denied*, 2015 WL 4629444 (S.D.N.Y. Aug. 4, 2015). The first step of that process is generally termed conditional certification, which this and other courts have noted is something of a misnomer. *See id.* at *14 & n.17. This first step requires plaintiffs to make "only a 'modest factual showing' that the plaintiff and potential opt-in plaintiffs 'together were the victims of a common policy or plan that violated the law.'" *Morano*, 2012 WL 2952893, at *4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). Upon such a showing, plaintiffs may send notice to other potential plaintiffs "who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555.

Courts in this District have noted that at this first stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Winfield* v. *Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (quoting *Cunningham* v. *Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)).  Accordingly, an FLSA collective action may be conditionally certified upon even a single plaintiff's affidavit.  *See, e.g.*, *Bhumithanarn* v. *22 Noodle Market Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985, at *4 (S.D.N.Y. July 13, 2015); *Gonzalez* v. *Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *3 (S.D.N.Y. Nov. 25, 2013); *Hernandez* v. *Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3-4 (S.D.N.Y. June 25, 2013) (granting conditional certification and collecting cases).

**B.     Analysis**

Plaintiffs have easily cleared the low hurdle to conditional certification. Plaintiffs offer, in addition to detailed allegations regarding additional named Plaintiffs in the Complaint, three factual declarations making similar allegations of off-the-clock work, failure to pay overtime at the appropriate rate, improper retention of the tip credit, failure to pay for tools of the trade, and unwarranted deductions from tips paid by credit card.  Defendants oppose conditional certification largely by attacking the credibility of the declarants[4] or

---

[4]     Defendants have attacked the declarations for being nearly carbon copies of each other, for being written in English despite the declarants requiring Spanish-language interpreters at their depositions, and for purportedly being inconsistent with the declarants' deposition testimony. (Def. Opp. 5-6).  Not only are credibility determinations inappropriate at this stage of the litigation, *see Winfield*, 843 F. Supp. 2d at 402, but the Second Circuit has cautioned that "havoc would be wreaked if we

5

by offering contradictory factual assertions, including by the declaration of Motorino's general manager (*see* Gallaway Decl. Ex. A (Declercq Decl.)). Defendants have offered objective evidence as well, such as payroll records, but such evidence still goes to the merits rather than the propriety of conditional certification and notice:

> Although Defendants have submitted to the Court voluminous documentation in the form of Defendants' affidavits and payroll logs in opposition to Plaintiffs' motion, attempting to demonstrate that no violation occurred and no class should be conditionally certified, these materials clearly go to the merits of the case and Defendants' reliance upon them is misplaced at this stage of the proceedings.

*Bhumithanarn*, 2015 WL 4240985, at *4 (internal citations omitted). Plaintiffs have submitted sufficient evidence in their Complaint and the declarations submitted in support of the instant motion to justify sending notice to potential collective action members.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for conditional certification of the FLSA class is GRANTED. Defendants' request for an opportunity to submit a counter-proposed notice and consent to sue form (Def. Opp. 14 n.11) for the Court's consideration is GRANTED as well. Defendants are directed to submit by **August 24, 2015**, their objections to Plaintiffs' proposed form and method of notice in a letter of no more than three pages and

---

elected to disregard the positions taken by parties in their affidavits simply because they were drafted by their lawyers, and rely instead on the alleged 'legal' positions taken by parties in response to poorly phrased questions during depositions." *Caputo* v. *Pfizer, Inc.*, 267 F.3d 181, 194 n.6 (2d Cir. 2001).

6

to attach to the letter their counterproposals. Plaintiffs may submit a responsive letter of no more than three pages no later than **August 28, 2015**. The parties are further directed to appear before the Court for a status conference on **September 9, 2015, at 3:30 p.m.** in Courtroom 618 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007.

    The Clerk of Court is directed to terminate Docket Entry 12.

    SO ORDERED.

Dated:    August 10, 2015
           New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge